## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Eric Brimo, being duly sworn, depose and state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since 2016. Prior to working for ATF, I was a Special Agent with the U.S. Department of State, Diplomatic Security Service, since 2010. I am familiar with federal laws relating to arson, have received training in the criminal use of fire, and have been trained in the investigation of violations of laws related to various acts of arson. I have participated in several fire investigations and have responded to numerous fire scenes in Vermont as part of my official duties with ATF.

2. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 authorizing the search of a hotel room—specifically, Room 174 of the Quality Inn at 2572 Shelburne Road in Shelburne, Vermont (the "Subject Premises")—and a blue 2019 Subaru Impreza bearing New York registration LBX5086 (the "Subject Vehicle"), which is currently secured at the Burlington Police Department (collectively referred to as the "Subject Properties"), both described with greater particularity in Attachment A, which is incorporated herein. The warrant seeks to search the Subject Properties for evidence and/or instrumentalities of violations of 18 U.S.C. § 844(i), as described in more detail in Attachment B, which is also incorporated herein.

3. This affidavit is based upon my own involvement in the investigation, my training and experience, and the investigation of various law enforcement officers. More specifically, I know some the information contained within this affidavit from conversations with, and information provided by, the Burlington Police Department (BPD), the Vermont State Police

1

(VSP) Fire and Explosion Investigation Unit (FEIU), the U.S. Capitol Police, the Shelburne Police Department, and the Williston Police Department. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in sum and substance and is not intended to be a verbatim quotation unless specifically indicated as such.

### Probable Cause

4. This application relates to an arson that occurred at One Church Street in Burlington, Vermont on April 5, 2024. On April 6, 2024, I applied for a federal criminal complaint and arrest warrant for Shant Michael SOGHOMONIAN (also known as Michael Soghomonian) based on probable cause to believe he violated 18 U.S.C. § 844(i) by maliciously damaging portions of the building at One Church Street—a building used in interstate commerce and as a place of activity affecting interstate commerce—by means of fire in violation of 18 U.S.C. § 844(i). The Honorable Kevin J. Doyle, United States Magistrate Judge for the District of Vermont, issued a criminal complaint charging him accordingly and a warrant for SOGHOMONIAN's arrest. I have attached a redacted copy of my affidavit for the Criminal Complaint to this application as Exhibit 1. The representations in Exhibit 1 remain true and accurate to the best of my knowledge, and I incorporate them in this application as my sworn statements.

5. After the issuance of the federal criminal complaint and arrest warrant for SOGHOMONIAN in this matter, I requested a secure statewide bulletin from the Vermont Intelligence Center be circulated to notify all certified Vermont law enforcement officers of the warrant and to exercise caution if encountering SOGHOMONIAN. The bulletin included

2

descriptive information about SOGHOMONIAN and information about the Subject Vehicle, with which he had been associated.

6. On April 7, 2024, at approximately 4:08am, I was contacted by Williston Police Department (WPD) Sgt. Eric Shepard, who advised that he and members of the Shelburne Police Department (SPD) had located Subject Vehicle parked in front of Subject Premises. I responded to the area and met with Sgt. Shepard, who stated that he was able to meet with staff at the Quality Inn who confirmed SOGHOMONIAN was staying in Subject Premises and was due to check out later that morning. Sgt. Shepard and I, along with additional Patrol Officers from WPD and SPD, then went to the Subject Premises, knocked on the door, and announced our presence. After a short while, a male was heard responding that he was getting dressed. Officers continued to knock, requesting the individual come to the door, but the male did not open it. Officers then heard what sounded like the individual dragging heavy items near the door. Fearing a barricade situation, officers obtained a key to the Subject Premises and attempted to open the door, but it had been blocked. Officers then forced the door open and immediately encountered SOGHOMONIAN. He was taken into custody without further incident. I observed that SOGHOMONIAN was wearing what appeared to be the same white Nike shoes that he had been wearing during the time of the arson, based on security video footage I had reviewed. Sgt. Shepard and I conducted a brief protective sweep of the Subject Premises; we did not find any other occupants of the room, but I observed several small bags, articles of clothing, and personal items in the room. All law enforcement officers left the Subject Premises and secured it. The Subject Premises has not been accessed since, so its contents should be in the same condition as when officers departed and secured the room.

7. While I was in the Subject Premises, we noticed a key fob for a Subaru vehicle lying openly on a bureau within the room. I pressed the lock button on the key fob, and I observed the front lights of the Subject Vehicle flash. The Subject Vehicle, which was unoccupied, was then secured and transported to the Burlington Police Department (BPD), where it remains secured in an enclosed bay. Det. Eric Kratochvil responded to BPD and had the vehicle tagged and secured with evidence tape. While doing so, Det. Kratochvil advised me he observed a tote bag was visible in the vehicle that appeared to be similar to the one SOGHOMONIAN had with him at the time of the arson, based on our review of security recordings. Det. Kratochvil also advised that he was able to see a receipt in the backseat for an unknown purchase totaling $1,643.00.

8. SOGHOMONIAN did not have a wallet or cellular telephone with him at the time he was encountered within the Subject Premises. As noted in Exhibit 1, SOGHOMONIAN had provided staff at a different hotel in Chittenden County a cellular telephone number during his stay at that hotel, which I know to have occurred in and around February and March 2024. I believe it is likely that agents or officers may locate a cellular telephone used by SOGHOMONIAN in the Subject Properties. If such a device is located and seized, it could provide information relevant to this investigation to include location information, internet search history, social media usage, social media searches, and/or social media postings.

9. Based on my training and experience, I know that if individuals plan significant acts, or self-perceived significant acts, they sometimes make written plans or write justifications for their planned or executed actions. These writings can take the form of journals, manifestos, notebooks, or other written documents that may be in physical paper form or data contained within a cellular telephone, laptop computer, or other digital device. ATF and BPD developed information during this investigation that SOGHOMONIAN was present outside the Office of

U.S. Senator Bernard Sanders the day prior to the arson (April 4, 2024), as well as the day of the arson (April 5, 2024), indicating a potential planned act as opposed to a spontaneous incident.

10. In addition to these written documents, I know from my training and experience with other investigations that individuals leave receipts and other forms of paper purchase records in their vehicles, bags, clothes, and rooms. These receipts can show purchases of accelerants, lighters, and other incendiary-type materials that could be used to commit arson.

11. SOGHOMONIAN was transported to the Williston Police Department for processing. He declined to be interviewed without a lawyer being present.

## Conclusion and Request

12. Based on the information set forth above, I believe there is probable cause that on or about April 5, 2024, in the District of Vermont, Shant Michael SOGHOMONIAN, also known as Michael SOGHOMONIAN, maliciously damaged by means of fire the building at One Church Street in Burlington, Vermont—a building used in interstate commerce and as a place of activity affecting interstate commerce—in violation of 18 U.S.C. § 844(i). Further, there is probable cause to believe the Subject Properties, further described in Attachment A, contain evidence and/or instrumentalities of the offense.

13. I request that the Court issue the proposed search warrant for the Subject Properties and the seizure therefrom of evidence and instrumentalities of the offense, as further described in Attachment B.

Dated at Burlington, in the District of Vermont, this 7th day of April 2024.

Eric Brimo, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me this 7th day of April 2024.

_____
HON. KEVIN J. DOYLE
United States Magistrate Judge
District of Vermont