UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:24-mj-00048-1 |
| ) | |
| SHANT MICHAEL SOGHOMONIAN ) | |
| (also known as Michael Soghomonian), ) | |
| Defendant. ) | |

## MOTION FOR DETENTION

NOW COMES the United States of America, by and through counsel, Nikolas P. Kerest, United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  The defendant is eligible for detention because he is charged with a crime of violence.  18 U.S.C. §§ 3142(f)(1)(A), 3156(a)(4).  If the Court finds that a violation of 18 U.S.C. § 844(i) does not constitute a crime of violence under those provisions, the defendant is nevertheless eligible for detention because the felony charge involved a dangerous weapon.  18 U.S.C. § 3142(f)(1)(E).  Further, the defendant is eligible for detention because the case involves a serious risk that the defendant will flee.  18 U.S.C. § 3142(f)(2)(A).

2. <u>Reason for Detention</u>.  The Court should detain the defendant because there is no condition or combination of conditions of release that would reasonably assure the safety of the community or the defendant's continued appearance.  *See* 18 U.S.C. § 3142(e)(1).

3. <u>Rebuttable Presumption</u>.  No rebuttable presumption in favor of detention appears to apply under § 3142(e)(3).

4. <u>Time for Detention Hearing</u>.  The United States respectfully moves for a two-day continuance of the defendant's detention hearing pursuant to 18 U.S.C. § 3142(f).  The purpose of the continuance would be for the acquisition of reports from prior law enforcement contacts

1

between the defendant and agencies in multiple jurisdictions; the continued review of materials located during the execution of a search warrant at the defendant's hotel room and of the defendant's vehicle on April 7, 2024; and the development of a robust pretrial services report.

     5. <u>Discussion</u>.  The statutory factors weigh in favor of detention.

     First, the nature of the charge is inherently serious given the defendant's use of fire, fueled by an apparent accelerant, to maliciously damage a portion of a building directly outside of the office of a United States Senator when employees were inside of the office.  By lighting a fire that caused property damage and risked lives, the defendant committed an offense that, "by its nature, involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. . . ." 18 U.S.C. § 3156(a)(4).  As used by the defendant during his offense, the combination of an accelerant and an ignition source constituted a dangerous weapon.  The risk to the structure and the lives of the building's occupants was substantial, showing the defendant's disregard for the safety of the building's occupants and the community at large.  The defendant then fled the area to avoid detection and apprehension.  Accordingly, the nature and circumstances of the offense support detention.  *See* 18 U.S.C. § 3142(g)(1).

     Second, the weight of the evidence against the defendant supports detention.  The defendant was sufficiently recognizable in security video recordings to have been identified by individuals familiar with him.  Upon his apprehension, he was wearing shoes that visibly matched those depicted on the suspect in security video recordings at the time of the fire and outside of the targeted building.  During the execution of a subsequent search warrant encompassing both his hotel room and vehicle, investigators seized a hat matching the color and design of that depicted in those security videos and described by witnesses as having been

frequently worn by the defendant during his recent extended stay at an area hotel. They also seized a tote bag consistent with that depicted in a security video outside of the targeted building. That tote bag contained a handheld long-neck lighter, matches, and fire starter materials. The strength of the evidence and resulting likelihood of conviction would provide the defendant incentive to abscond and avoid the significant sentence that could result from a conviction in this case. *See* 18 U.S.C. § 3142(g)(2).

Third, the defendant's history and characteristics suggest that he represents a continuing danger to the community and a substantial risk of flight. *See* 18 U.S.C. § 3142(g)(3). With respect to community safety, the defendant has previous law-enforcement contacts involving firearms. During a 2005 incident, while a juvenile in his mid-teens, he was arrested or detained for an assault involving a firearm on a person in Glendale, California; the case appears to have been later dismissed in part in "furtherance of justice" on some counts and to have resulted in the imposition of wardship on others. In August 2023, the defendant was stopped by Illinois State Police for a traffic violation. During that investigation, troopers seized from his vehicle approximately 11.5 grams of cannabis and an AK-47 rifle with 2 magazines from his vehicle. Troopers also located a book bearing the title "How to Blow up a Pipeline" in the vehicle. The defendant identified himself during that stop with an Oregon driver's license (later found to be invalid) and stated that he was traveling from the west coast. He told a trooper that he did not have weapons in his vehicle, despite the rifle in his truck. Subsequent records checks indicated the defendant's vehicle had been in New York, then Chicago, then California, and then Pennsylvania all within August 2023. In other words, defendant has a history of itinerancy, firearms possession, and lack of candor with law enforcement, all exacerbating his risk of flight and undermining his appropriateness for effective supervision if release in this case.

In the absence of a pretrial services report, the United States does not have information about the defendant's residential history, employment history, or contacts with any particular location. Based on this investigation, the defendant appears to have been a temporary resident in Chittenden County hotels between February 2024 and the present. He appears to have a dated residential history in California, he had an invalid identification document from Oregon, and his vehicle was registered in New York. The defendant has no evident ties to the District of Vermont, other than his presence in local hotels during the early part of 2024. If released, he would have no apparent incentive to return to this district for the resolution of this case. The only data available regarding his criminal history suggest he would continue his mobile and itinerant past. Accordingly, the defendant's history and characteristics weigh in favor of detention. *See* 18 U.S.C. § 3142(g)(3).

Finally, based on the charged offense, the defendant would present a serious danger to the community. *See* 18 U.S.C. § 3142(f)(4). His demonstrated willingness to place lives in danger through the use of fire in an occupied building is a clear concern. Conditions short of detention—such as location monitoring or home confinement—can only be enforced after noncompliance is detected. The defendant could abscond and engage in further acts of malicious damage before his absence was noted. Accordingly, no condition or combination of conditions could be imposed that would reasonably assure his future appearance and the safety of any other person and the community.

WHEREFORE the United States respectfully requests the Court detain the defendant pending further proceedings in this case.

Dated at Burlington, in the District of Vermont, April 9, 2024.

                                                Respectfully submitted,

                                                UNITED STATES OF AMERICA

                                                NIKOLAS P. KEREST
                                                United States Attorney

By:    /s/Matthew J. Lasher
        Matthew J. Lasher
        Assistant U.S. Attorney
        Burlington, VT 05402-0570
        (802) 951-6725
        matthew.lasher@usdoj.gov